UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIREZ LUCERO LOPEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | No. 1:26-cv-03402-KES-CDB (HC)<br>(A-Number: 090-805-822)<br>ORDER VACATING AUGUST 27, 2026, FINDINGS AND RECOMMENDATIONS<br>(Doc. 13)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br>(Docs. 1, 13, 15)<br>**<u>14-DAY OBJECTION PERIOD</u>** |

Petitioner Ramiro Lucero Lopez ("Petitioner"), a federal immigration detainee proceeding pro se and *in forma pauperis*, initiated this action on May 4, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO"). (Docs. 1, 4). Petitioner is in custody of Immigration and Customs Enforcement ("ICE") at the California City Detention Facility. (Doc. 1 ¶ 1).

On July 20, 2026, the Court denied Petitioner's TRO motion, finding at that time that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) due to his 2004 conviction for making criminal threats. (Doc. 10). The Court found that because Petitioner was detained at the border while re-entering the country on March 11, 2026, he did not show that he is likely to

succeed on his due process claim. *Id.* The Court noted that although Petitioner's TRO motion did not raise a due process challenge based on the length of his detention, he could permissibly raise such a challenge if his detention becomes prolonged. *Id.* The Court referred the matter to the undersigned for further proceedings, including the preparation of findings and recommendations on the merits of the petition. *Id.* At the Court's direction (Doc. 11), Respondents filed a statement of intent to file no further briefing on the petition on July 30, 2026. (Doc. 12).

On August 27, 2026, the undersigned issued findings and recommendations to grant the writ of habeas corpus. (Doc. 13).

For the reasons set forth herein, the undersigned will vacate the pending findings and recommendations issued on August 27, 2026 (Doc. 13), and issue new findings and recommendations to dismiss the petition as moot.

## I. <u>Relevant Background</u>

Petitioner is a native and citizen of Mexico who received lawful permanent residency ("LPR") status in the United States in December 1990. (Doc. 9 at 1); *see* (Doc. 9-1 at 1-2) (March 11, 2026, Form I-213 Record of Deportable/Inadmissible Alien). While still maintaining LPR status, on March 10, 2026, Petitioner returned to the United States following a trip outside the country and was deemed by immigration authorities inadmissible based on his October 2004 felony conviction for threats to commit crime with intent to terrorize under California Penal Code section 422, a crime involving moral turpitude ("CIMT"). (Doc. 9-1 at 3, 4). Petitioner was issued a Notice to Appear and placed in removal proceedings under section 240 of the Immigration and Nationality Act ("INA"). *Id.* at 4. Petitioner's Form I-213 documents that Petitioner was advised that his LPR card (I-551) will be retained in his A-file pending resolution of removal proceedings. *Id.* at 3. Petitioner acknowledges in his petition his October 2004 conviction under section 422. (Doc. 1 ¶ 23).

On September 2, 2026, Respondents filed a status report in which they assert that on August 3, 2026, an immigration judge granted Petitioner's motion to terminate, after which the Department of Homeland Security (DHS) released Petitioner (on August 5, 2026) and did not timely appeal termination. (Doc. 14 at 1); *see* (Doc. 14-1, "Ex. 1") (August 3, 2026, order of the immigration

judge granting Petitioner's motion to terminate and noting DHS's appeal was due by September 2, 2026). That same day, Respondents filed objections to the pending findings and recommendations to grant the writ of habeas corpus, contending that the Court should deny the petition as moot now that Petitioner received the relief he requested in his petition (*i.e.,* release). (Doc. 15).

The undersigned takes judicial notice from the EOIR case database that Petitioner's immigration case was terminated on August 3, 2026, with no future hearings scheduled and that no appeal to the Board of Immigration Appeals ("BIA") was received.[1] The undersigned also takes judicial notice that ICE's online detainee locator tool returned no results for Petitioner using his identifying information, corroborating Petitioner no longer is in immigration detention.[2]

## II. Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 9, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

[2] *See* https://locator.ice.gov/odls/#/results (last visited Sept. 9, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall*, 629 F.3d at 998-99; *Argueta*, 760 F. Supp. 3d at 1034.

consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

**III. Discussion**

Here, Petitioner's seeks by his petition immediate release from custody or, in the alternative, a bond hearing. (Doc. 1 at 16-17). Given Respondents show that Petitioner was released on August 5, 2026, following the immigration judge's termination of his removal proceedings and that DHS did not timely appeal the decision and released Petitioner, Petitioner has obtained the relief he sought, thus mooting his claims.

Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot, as other judges of this Court have found in dismissing habeas claims for mootness under similar circumstances. *See, e.g., Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025) (dismissing petition as moot after petitioner was released from custody); *Colin v. Warden*, No. 1:23-cv-00127-JLT-CDB (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (recommending dismissal with prejudice as moot), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025) (adopting in full findings and recommendations and dismissing petition without prejudice as moot); *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

**IV. Conclusion, Order, and Recommendations**

For the reasons stated above, IT IS HEREBY ORDERED that the prior findings and recommendations issued on August 27, 2026 (Doc. 13) are VACATED.

And IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT; and
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 10, 2026**

UNITED STATES MAGISTRATE JUDGE